

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Joyce K. McDonald*
*Chief, Fraud and Corruption*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4899*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Joyce.McDonald@usdoj.gov*

December 14, 2010

Richard W. Westling
Ober Kaler Grimes & Shriver
Suite 500
Washington, D.C. 20005

      Re:    United States v. Berg Bros Recycling, Inc.
              RDB-10-0386

Dear Mr. Westling:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **December 15, 2010**, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

      1.      The Defendant agrees to waive indictment and plead guilty to a Criminal Information which will charge it with payment to a government official for or because of an official act, in violation of 18 U.S.C. 201(c)(1)(A). The Defendant admits that it is, in fact, guilty of that offense and will so advise the Court. The Defendant will appear in Court through a duly authorized representative with a notarized and sealed corporate resolution authorizing the guilty plea.

Elements of the Offense

      2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

      A.  The defendant gave things of value not authorized by law to Robert Adcock, namely $104,989.84,

      B.  The defendant did so for or because of an official act to be performed by Robert

Revised 11/5/09



Adcock, and

C. Robert Adcock was an employee United States, namely, the National Security Agency, of the United States Department of Defense.

Because the defendant is a corporation, the United States would also have to prove the following:

A. First, the offense charged was committed by agents or employees of Berg Bros Recyling;

B. Second, in committing the offense, the agents or employees intended, at least in part, to benefit Berg Bros Recycling, Inc.;

C. Third, the acts by the agents or employees were committed within the authority or scope of their employment.

## Penalties

3.  The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: five years probation and a $500,000 fine. In addition, the Defendant must pay $400 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order it to make restitution of **$104,989.84** pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.

## Waiver of Rights

4.  The Defendant understands that by entering into this agreement, it surrenders certain rights as outlined below:

a.  If the Defendant had persisted in its plea of not guilty, it would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, it would have the subpoena power of the Court to compel the witnesses to attend.

d.      If the Defendant were found guilty after a trial, it would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

e.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that its corporate representative may have to answer the Court's questions both about the rights it is giving up and about the facts of its case. Any statements the corporate representative makes during such a hearing would not be admissible against it during a trial except in a criminal proceeding for perjury or false statement.

f.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find it guilty.

g. By pleading guilty, the Defendant may be subject to debarment from doing business with the United States and its agencies. Under federal law, conviction for a criminal offense can lead to adverse administrative and civil consequences. Those administrative and civil consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including its attorney or the Court, can predict with certainty the effect of a conviction on debarment. Defendant nevertheless affirms that it wants to plead guilty regardless of any potential debarment.

Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following to the Statement of Facts set forth in Attachment A which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

The base offense level from the applicable sentencing guideline, U.S.S.G. 2C1.2(a)(2), is **9**. Eight (**8**) levels are added because the amount of the payments to the public official were more than $70,000 and less than $120,000. 2C1.2(b)(2); 2B1.1(b)(a)(E). The offense level is **17**.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of responsibility for the criminal conduct of its officers and employees. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about its involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw its plea of guilty. Provided the defendant continues to accept responsibility, its final adjusted offense level is **14**.

    a. The Defendant's culpability score pursuant to U.S.S.G. 8C2.5 (a) and 8C2.5(b)(5) is six, resulting in a multiplier for the guideline fine range of 1.20 - 2.40. U.S.S.G. 8C2.6, which results in a fine range of $102,000 - $204,000.

    b. The Defendant understands that there is no agreement as to its criminal history or criminal history category, and that its criminal history could alter its offense level.

7. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

Sentencing

8. At the time of sentencing, this Office will recommend a probationary sentence within the guideline range and the restitution award and fine described in ¶11. At the time of

4

sentencing, this Office will move to dismiss any open charges against the Defendant and agrees to bring no further charges for the conduct described in the Statement of Facts or the payment for the metal recycling obtained from NSA.

9. The defendant will recommend to the Court any sentence he deems appropriate pursuant to 18 U.S.C. 3553(a), except as set forth in ¶11.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

11. The Defendant agrees to the entry of a Restitution Order for the full amount of the victim's losses in the amount of **$104,989.84** and to a criminal fine of **$130,000,** both of which will be due and payable immediately. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that it will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Collection of Financial Obligations

12. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a nominee or other third party.

The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by five years' incarceration and fine for the corporate official making the false statement.

## Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed.

   c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office, any investigating agency, or NSA.

## Obstruction or Other Violations of Law

14. The Defendant agrees that it will not commit any offense in violation of federal, state or local law between the date of this agreement and its sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for its conduct by failing to acknowledge its guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw its guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the

Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

16.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: *(signature)*
Joyce K. McDonald
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

12/14/2010
Date

_____
Berg Bros Recycling, Inc.

I am Berg Bros Recycling Inc.,'s attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with the corporate representative. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

12/14/2010
Date

_____
Richard W. Westling

8